# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

## No. 17-4065

---

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

      v.

KAI-REE KENDRELL DWAYNE MACK, a/k/a Kai-Ree Shangora Mack,

           Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Henry M. Herlong, Jr., Senior District Judge.  (8:15-cr-00781-HMH-1)

---

Submitted:  August 24, 2017                                          Decided:  August 29, 2017

---

Before GREGORY, Chief Judge, and DUNCAN and THACKER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Lora Blanchard, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  Elizabeth Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kai-Ree Kendrell Dwayne Mack appeals his conviction and 46-month sentence following his guilty plea for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, counsel for Mack filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal, but questioning the reasonableness of Mack's sentence. Mack has filed a pro se supplemental brief asserting a claim of ineffective assistance of counsel and challenging certain statements made by the sentencing court. The Government has elected not to respond. We affirm.

We review a sentence for reasonableness, applying a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51-52 (2007). We "must first ensure that the district court committed no significant procedural error," such as improperly calculating the Sentencing Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) sentencing factors, or inadequately explaining the sentence imposed. *Id.*

The district court correctly calculated the Guidelines range and, concluding that this was "a typical case contemplated by the guidelines," imposed a sentence at the high end of the range. The court emphasized that Mack was "dangerous," and, during a colloquy with Mack, expressed concern over the seriousness of the offense. *See* 18 U.S.C. § 3553(a)(2)(A), (C) (2012). We conclude that Mack's sentence was procedurally reasonable.

Having found no procedural error, we examine the substantive reasonableness of Mack's sentence under "the totality of the circumstances." *Gall*, 552 U.S. at 51. The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). We presume on appeal that a within-Guidelines sentence is substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Here, by not "showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors," Mack has failed to rebut this presumption. *Id.*

Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims generally are not addressed on direct appeal. *United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record reveals no conclusive evidence that counsel was ineffective, Mack's claim should be raised, if at all, in a § 2255 motion.[*]

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Mack's conviction and sentence. This court requires that counsel inform Mack, in writing, of the right to petition

---

[*] Mack also disputes comments made by the district court at sentencing concerning what Mack might have done with the firearm he unlawfully possessed. However, Mack does not challenge the legal sufficiency of his conviction and, in any event, by pleading guilty, he "admit[ted] all of the factual allegations made in the indictment, and waive[d] all non-jurisdictional defects, including the right to contest the factual merits of the charge[]." *United States v. Gosselin World Wide Moving, N.V.*, 411 F.3d 502, 515 (4th Cir. 2005) (citation and internal quotation marks omitted).

3

the Supreme Court of the United States for further review. If Mack requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Mack.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*